UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GLENN DANIEL GALLOT,
Plaintiff,
v.
CHRISTOPHER DOVE,
Defendant.

Case No. 17-00966 BLF (PR)

**ORDER OF DISMISSAL**

Plaintiff, a pre-trial detainee at the San Francisco County Jail, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

**DISCUSSION**

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Plaintiff's Claims</u>

In the complaint's "statement of claim," Plaintiff states that he has "been jailed for 2 yrs 11 months for false charges by a San Francisco Public Utilities Commission Water Dept. Employee." (Compl. at 3.) He claims that this employee filed "false battery charges" against him. (*Id.*) As defendant he has named an attorney, Christopher Dove. (*Id.* at 2.) Under the "relief" section, Plaintiff states that he desires Defendant Dove "restrained from my case, for allowing violation of my constitutional rights, and tried for contributing to cruel and unusual punishment to [Petitioner], and putting [Petitioner's] safety & health in jeopardy, violation of my due process, and much more." (*Id.*)

Attached to another document filed by Plaintiff is a "confidential attorney-client communication" written by Defendant Dove to Plaintiff. (Docket No. 4, Attach.) The letter is dated February 10, 2017, and states that Defendant Dove appeared on Plaintiff's behalf in a pending criminal action against Plaintiff. (*Id.*) Defendant Dove also stated that he notified the trial court of Plaintiff's unwillingness to work with him, and that he made a request to be relieved as Plaintiff's attorney, but that the court denied the request without explanation. (*Id.*) Accordingly, it appears that Defendant Dove continues to represent Plaintiff in his state criminal prosecution.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-46 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971). *Younger* abstention is required when: (1) state

2

proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). All three elements must be present *Agriesti v. MGM Grand Hotels, Inc.*, 53 F.3d 1000, 1001 (9th Cir. 1995) (abstention improper where arrest and issuance of citation were executive acts not judicial in nature, and only potential for future state judicial proceedings existed). A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases). Here, it is clear from the complaint and the papers filed thereafter by Plaintiff that there is an ongoing state criminal action against him.

Applying the principles discussed in *Middlesex*, the Court finds *Younger* abstention is applicable to the proceedings pending against Plaintiff. In particular, the proceedings are judicial in nature, they involve important state interests in the prosecution of crimes, and they afford Plaintiff an opportunity to raise his constitutional claims, including removal of his attorney. With respect to the Ninth Circuit's fourth requirement, *see SJSVCCPAC*, 546 F.3d at 1092, "restraining" Plaintiff's defense counsel from representing him would necessarily involve enjoining the state proceedings because counsel's request to withdraw has already been denied. Although the letter from Defendant Dove indicates that his recent request to withdraw as attorney was denied by the trial court, it appears this request was made while Plaintiff was not present; accordingly, there is nothing prohibiting Plaintiff from renewing the request himself at his next court appearance. Lastly, Plaintiff has made no showing that extraordinary circumstances exist that would require federal intervention. *See Younger*, 401 U.S. at 46 (holding extraordinary circumstances exist when there is danger of great and immediate irreparable loss; holding cost, anxiety and inconvenience of defending against good-faith criminal prosecution not extraordinary

3

circumstance requiring federal intervention); *see also Carden*, 626 F.2d at 84 (holding federal intervention appropriate only under "special circumstances," such as proven harassment, bad faith prosecution, or other extraordinary circumstances resulting in irreparable injury).

**CONCLUSION**

For the foregoing reasons, this action is hereby DISMISSED without prejudice under *Younger*, 401 U.S. at 43-46, to returning to federal court once Plaintiff's state court proceedings have concluded and he has exhausted all necessary remedies.

**IT IS SO ORDERED.**

Dated: April 18, 2017

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.16\04039Brooks_dism(abst)

4